# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREW E. MALTON,** | **MASTER FILE: 07-CV-2458 (WJM)** |
| **Plaintiff,** | |
| **v.** | |
| **FEDERAL RESERVE BANK OF NEW YORK,** | **OPINION** |
| **Defendant.** | **HON. WILLIAM J. MARTINI** |

George J. Cotz
Cotz & Cotz, Esqs.
180 Franklin Turnpike
Mahwah, NJ 07430

(*Counsel for Plaintiff*)

Denley Y.S. Chew
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045

(*Counsel for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant has filed a motion for summary judgment seeking to dismiss all four

counts of Plaintiff's complaint.  Plaintiff alleges that Defendant, Plaintiff's potential

employer, engaged in racial discrimination, age discrimination, and retaliation against

Plaintiff.  Additionally, Plaintiff, a partially disabled veteran, claims that Defendant

illegally denied him the preferential hiring consideration he was due as a veteran.  This

Court finds that Plaintiff has failed to meet his burden of proof for his claims of age

discrimination and retaliation and finds that Plaintiff's claims of racial discrimination and

failure to receive preferential hiring are procedurally defective.  Accordingly, Defendant's

motion is **GRANTED**.

## I.  FACTS AND PROCEEDINGS

This is an employment discrimination case.  Plaintiff asserts that his prospective

employer, Defendant, engaged in illegal discrimination and retaliation by failing to hire

him.

Plaintiff is Andrew Malton.  Malton, an African-American male (Am. Compl. ¶

14), was forty years old when he first applied for a job with Defendant (see Mem. of Law

in Supp. of Def.'s Mot. for Summ. J. Ex. 1 at 8:6–7, 23:24–25).  Malton is also a partially

disabled veteran.  (Am. Compl. ¶ 21; Mot. Ex. 1 at 66:17.)

Malton applied for a position as "protection officer" with the Defendant, the

Federal Reserve Bank of New York ("FRBNY").  (Mot. 2; Mot. Ex. 1 at 49:15–16.)

Malton was interviewed by an FRBNY staff director.  (Mot. 2–3.)  Malton thought that

the interview went well but heard nothing from the FRBNY for over a year after the

interview.  (Mot. Ex. 1 at 25:19–20, 26:14–15.)

Malton discussed the lack of response with two friends, Morris Brown and

Kenneth Weston, who had also failed to receive a response from the FRBNY following

their job applications.  Brown and Weston are both older than Malton.  (Mot. Ex. 1 at

33:9–11.)  Malton and the others decided to file complaints with the Equal Employment Opportunity Commission (EEOC) claiming age discrimination.  (Mot. 3–4.)

The FRBNY apparently responded to the complaints by entering into settlement agreements with each of the three men.  The parties agreed, inter alia, that the men would not bring suits against the FRBNY and that the FRBNY would grant each man a second job interview.  (Mot. Ex. 1 at 36:5–11.)  After the job interviews took place, the FRBNY indicated that it would hire the men if they passed psychological examinations.  (Mot. Ex. 1 at 42:9 – 11.)

Following this conditional hiring, Malton took the required psychological examination on July 29, 2006.  (Mot. Ex. 1 at 42:14–15.)  The FRBNY retains a clinical psychologist, Dr. Edward Fitzsimmons, to conduct these examinations. (Mot. Ex. 4 at 6:8–12, 7:2–6.)  Dr. Fitzsimmons reported that Malton had a "high anxiety level" and "problems with logic, concentration, and organizing his thinking."  (Mot. Ex. 5 at 5.)  Further, Dr. Fitzsimmons reported that Malton had "difficulties comprehending and following basic instructions, showed some signs of cognitive confusion" (Mot. Ex. 5 at 5), and that Malton took over three hours to complete a test that the "average candidate completes . . . in ninety minutes" (Mot. Ex 5 at 2).

As a result of this examination, Dr. Fitzsimmons determined that Malton was not suitable for the job of Protection Officer.  (Mot. Ex. 5 at 5.)  Brown and Weston, however, passed their tests and were both hired by the FRBNY.  (See Mot. Ex. 1 at

71:18–72:16.)

Malton then filed a second complaint with the EEOC, alleging not only age discrimination, but also retaliation.  (Mot. Ex. 7.)  The EEOC informed Malton that it would not pursue his complaint.  (Mot. Ex. 9.)  Malton then filed this suit alleging four claims: (1) racial discrimination, (2) age discrimination, (3) retaliation, and (4) failure to give preferential hiring consideration to a veteran.

Defendant now presents the instant motion for summary judgment on all claims. Malton has not opposed Defendant's motion.

## II.  STANDARD OF REVIEW

A court may grant summary judgment when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine if a reasonable jury could find for the nonmoving party, and a fact is material "when it 'might affect the outcome of the suit under the governing law.'"  Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248 (1986)).   On a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party.  Id.   However, "[t]o defeat a motion for summary judgment, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings."  West v. Hudson County Corr. Ctr., 231 F. App'x 136, 138 (3d Cir. 2007).

When, as here, the nonmoving party does not respond, the moving party is not automatically entitled to summary judgment.  Anchorage Assoc. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  A court "must first determine whether summary judgment is appropriate—that is, whether the moving party has shown itself to be entitled to judgment as a matter of law."  Id.

## III.  DISCUSSION

Malton asserts four claims against the FRBNY.  First, Malton asserts a claim of racial discrimination under section 703 of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e-2.  Second, Malton asserts a claim of age discrimination under section 4 of the Age Discrimination in Employment Act (ADEA) of 1967.  29 U.S.C. § 623.  Third, Malton asserts a claim of retaliation by FRBNY in violation of Title VII and the ADEA. Finally, Malton asserts that the FRBNY failed to award him preferential hiring status as required by the Vietnam Era Veterans' Readjustment Assistance Act (VEVRA) of 1974. 38 U.S.C. § 4214.

As discussed below, Malton's racial discrimination and VEVRA claims are defective on procedural grounds while Malton's age discrimination and retaliation claims fail because he fails to make a prima facie case for these claims.

### A.  Malton's Racial Discrimination Claim

Malton's racial discrimination claim is barred because he has failed to exhaust his administrative remedies.  A basic tenet of administrative law is that "a plaintiff must

exhaust all required administrative remedies before bringing a claim for judicial relief."
Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).  Here, Malton has filed two
complaints with the EEOC—neither of which made any mention of racial discrimination.
(Mot. Ex. 2; Ex. 7.)  Thus, Malton has failed to exhaust his administrative remedies with
respect to his racial discrimination claim, so the Court dismisses that claim.

### B.  Malton's Preferential Hiring Status Claim Under VEVRA

Malton has no cause of action under VEVRA for the failure to receive preferential
hiring status.  The Third Circuit has held that "VEVRA § 4214 does not provide a private
right of action."  Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).  The Court thus
dismisses that claim.

### C.  Malton's Claims for Age Discrimination and Retaliation

Malton's age discrimination and retaliation claims fail on summary judgment.
Discrimination and retaliation claims based upon indirect evidence, like Malton's, are
both analyzed using a three-step burden-shifting analysis.  See Duffy v. Paper Magic
Group, Inc., 265 F.3d 163, 167 n.1 (3d Cir. 2001); Krouse v. Am. Sterilizer Co., 126 F.3d
494, 500–01 (3d Cir. 1997).  In the first step, the employee must establish a prima facie
case of discrimination or retaliation.  See Krouse, 126 F.3d at 500.  Next, the burden
shifts to the employer to provide a legitimate nondiscriminatory or nonretaliatory reason
for its action.  See id.  If the employer can provide such a reason, the burden shifts back to
the employee in the third step to prove to the factfinder that the employer's reason is but a

pretext and that discrimination or retaliation was the real motive for the action.  See id. at

501.  Malton's claims fail because he is unable to get past the first step of the test for

either age discrimination or retaliation.  Malton's claims also fail because even if he

stated prima facie cases for these claims, FRBNY puts forth nondiscriminatory and

nonretaliatory reasons for denying Malton the job, which he does not attempt to rebut.

### 1.  Age Discrimination Claim

Malton is unable to prove a prima facie case of age discrimination.  To prove a

prima facie case of age discrimination a plaintiff must show four things: (1) he was at

least forty years old, and thus a member of a protected age class, (2) he was qualified for

the job, (3) he was nevertheless rejected, and (4) the employer then hired someone for the

position sufficiently younger to warrant an inference of age discrimination.  Duffy, 265

F.3d at 167.  Notwithstanding the first three elements, Malton has not offered any

evidence to prove the fourth element, that a sufficiently younger person was hired for the

position.[1]  Nor is any such evidence apparent to the Court.  In contrast, Defendant

presents evidence that persons older than Malton, namely Brown and Weston, were hired

for similar positions.  Since Malton presents no evidence that a person sufficiently

younger was hired for the position, he fails to establish a prima facie case of age

discrimination.

Even assuming, arguendo, that Malton could make a prima facie case of age

---

[1]Indeed, Malton does not respond to FRBNY's motion.

discrimination, his claim still fails because he does nothing to rebut Defendant's

legitimate, nondiscriminatory reason for declining to give Malton the job.  As Defendant

notes, Dr. Fitzsimmons advised against the FRBNY hiring Malton on the basis of his

performance on a written psychological test and an assessment interview.  Malton

presents no evidence to show that Defendant's reason was pretextual.  Thus, Malton's age

discrimination claim would fail at step three even if he could make a prima facie case.

Accordingly, the Court dismisses that claim.

### 2.  Retaliation Claim

Malton is unable to make a prima facie case of retaliation.  To prove a prima facie

case of retaliation under the ADEA, an employee must show three things: "(1) that [he]

engaged in a protected employee activity; (2) that [he] was subject to adverse action by

the employer either subsequent to or contemporaneous with the protected activity; and (3)

that there is a causal connection between the protected activity and the adverse action."

Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005).  Defendant grants that Malton

engaged in protected activity when he filed an EEOC complaint and that the FRBNY's

failure to hire Malton was an adverse action.  (Mot. 18.)  However, Malton does not

prove the third element, a causal connection between the protected activity and the

adverse action.

In order to prove a causal connection between a protected activity and an adverse

action, an employee must usually show either an "unusually suggestive temporal

proximity" between the activity and the action or a "pattern of antagonism coupled with timing." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). Failing either of these, the employee must establish that causation should be inferred from the record as a whole. Id.

Here, Malton cannot show either an unusually suggestive temporal proximity or a pattern of antagonism, nor can he establish that causation should be inferred from the record as a whole.   First, regarding temporal proximity, Malton's original EEOC complaint was filed on June 5, 2006 (Mot. Ex. 2), and the failure to hire occurred sometime after Malton's psychological evaluation on July 29, 2006, a period of over seven weeks.  This Court finds a period of close to two months between Malton's protected activity and FRBNY's adverse action is not unusually suggestive of causation. Nor is there any evidence of antagonism in this case.  Finally, there is nothing in the record as whole to otherwise suggest that FRBNY declined to hire Malton in retaliation for his complaints against it.  Thus, Malton fails to make a prima facie case of retaliation.

As with Malton's age discrimination claim, Malton's claim of retaliation would fail at the third step of the analysis even if he could make a prima facie case.  As discussed above, Malton does nothing to rebut Defendant's nondiscriminatory reason for refusing to hire him, namely that Malton failed the required psychological evaluation. Accordingly, the Court dismisses Malton's retaliation claim.

**IV.  CONCLUSION**

9

The Court grants FRBNY's motion for summary judgment, and Malton's claims

are **DISMISSED WITH PREJUDICE**.  An Order accompanies this Opinion.


s/ William J. Martini
William J. Martini, U.S.D.J.